IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BETHANI LEE, as Personal Representative of the Estate of Jonee Adair Lee-Livingston and CALVIN LIVINGSTON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:10-CV-361 (MTT) |
| MYLAN INC., *et. al*, | ) ) | |
| Defendants. | ) ) | |

## ORDER

This matter is before the Court on the Defendants' Motion for Summary Judgment. (Doc. 41). For the following reasons, the Motion is **GRANTED**.

### I.   FACTUAL BACKGROUND

Plaintiffs Bethani Lee and Calvin Livingston bring this action for the death of Jonee Adair Lee-Livingston. The Plaintiffs did not respond to the Motion, and thus the facts are not in dispute. M.D.G.A. Local R. 56. On October 2, 2008, Lee-Livingston's doctor prescribed for her 25 mcg/hr Mylan fentanyl transdermal system ("MFTS") patches manufactured by the Defendants. On October 12, 2008, Lee-Livingston died, according to a medical examination, of the combined effects of fentanyl and alprazolam.

MFTS patches have been approved by the Federal Drug Administration, and can only be obtained by prescription. MFTS patches, used to relieve pain, come in 25, 50, 75, and 100 mcg/hr dosages. MFTS patches are applied directly to the skin and release fentanyl into a patient's blood stream.

The Plaintiffs claim that numerous patients, including Lee-Livingston, have received lethal doses of fentanyl from using the MFTS patches as prescribed, and that the Defendants knew or should have known the drug could cause serious injury and/or death. In short, the Plaintiffs claim that Lee-Livingston died because the MFTS patches released lethal doses of fentanyl.

On April 15, 2011, this Court granted in part and denied in part the Defendants' Motion to Dismiss. (Doc. 29). The remaining claims are negligent misrepresentation and breach of warranty based upon a failure to warn third parties, and breach of warranty based upon affirmations of fact or promises to Lee-Livingston. The Parties later agreed to add Calvin Livingston, Lee-Livingston's surviving spouse, as a plaintiff, and the Court granted the Motion to Amend. (Docs. 37, 38).

Pursuant to the Court's Scheduling and Discovery Order, the Plaintiffs had until August 5, 2011, to disclose expert witnesses who may testify at trial, and the Defendants had until September 5, 2011. The Defendants disclosed reports of four expert witnesses. Dr. Gordon Flynn explained that the MFTS patches came with adequate warnings, and were not defective when used properly. Dr. Graham Jones concluded that the fentanyl level at the time of examination was likely higher than at the time of her death, discussed the effects of other drugs, namely Xanax (alprazolam), and concluded that the toxicity results of Lee-Livingston's postmortem fentanyl level were unreliable. Dr. Thomas Bennett opined that Lee-Livingston's death likely was the result of cardiovascular disease, rather than drug use. Dr. David Feigal reported that the MFTS label provided adequate warnings to physicians and the Food and Drug Administration. The Plaintiffs have not disclosed any expert witnesses.

## II.   DISCUSSION

Summary judgment must be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'"  *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)).  The burden rests with the moving party to prove that no genuine issue of material fact exists.  *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d at 1224.  The district court must "view all evidence in the light most favorable to the nonmoving party, and resolve all reasonable doubts about the facts in its favor."  *Id.*

Construed in the light most favorable to the Plaintiffs, Lee-Livingston died, in part, from fentanyl toxicity ten days after she began using the MFTS patches.  The Plaintiffs have presented no evidence that the MFTS patches were defective, or that the warnings to third parties were inadequate.  However, the Defendants have presented expert testimony that the warnings were adequate, that the prescribed patches could not have delivered more than 25 mcg/hr of fentanyl when properly used, and that other factors contributed to Lee-Livingston's death.

Accordingly, under these undisputed facts, the Plaintiffs have not demonstrated that the MFTS patches were defective, or that warnings to third parties were inadequate, and thus the Motion must be granted.

### III.     CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment is **GRANTED**.

**SO ORDERED**, this the 28th day of October, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
